JUSTICE NELSON,
specially concurring.
¶13 I concur in the Court’s Opinion because, based on the totality of his observations and the existing circumstances, Trooper Kloster had *84 particularized suspicion that Cooper was driving under the influence. See Opinion, ¶ 8.
¶14 The fact that Kloster told Cooper the reason he stopped her was because her rear license plate was obscured by snow is troubling, however. If, in fact, that was all on which he had based his stop, then I would have concluded that he did not have sufficient particularized suspicion for detaining Cooper. I addressed such stops at length in my concurrence in State v. Rutherford, 2009 MT 154, ¶¶ 24-28, 350 Mont. 403, 208 P.3d 389 (Nelson, J., concurring).
¶15 Unfortunately, however, the point I made in that concurrence has now manifested itself in this case: A peace officer (at least insofar as what he told the defendant) based particularized suspicion for a DUI stop on the vehicle’s license plate being obstructed by a natural accumulation of snow. I continue to disagree with the proposition that, in this state, a license plate’s being obscured by the natural accumulation of the elements or driving conditions can constitute particularized suspicion for anything — except that Montanans often drive in foul weather and on foul roads.
¶16 Indeed, as I write this (in early January) and look out from my office over a parking lot filled with hundreds of cars, many of them have a rear license plate obscured by snow. I refuse to believe that the law would allow a peace officer to perform a traffic stop on any one of those motorists solely because the rear license plate of her vehicle is obscured by snow. Interpreting § 61-3-301(l)(a), MCA, in this fashion is absurd, given that Montanans must often drive in snow, sleet, mud, dirt, and dust. Statutory construction should not lead to absurd results if a reasonable interpretation can avoid it. Montana Sports Shooting Assn. v. Dept. of Fish, Wildlife, and Parks, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003.
¶17 If § 61-3-301(l)(a), MCA, requires motorists to stop every quarter mile to brush natural accumulations of snow, sleet, mud, dirt, and dust off their rear license plates so as to keep them “unobstructed,” then traveling the highways and byways of the Big Sky State is going to be not only immeasurably slower, but also much more dangerous. Worse, this sort of interpretation of the statute will serve as nothing more than a justification for pretextual traffic stops and for seizures violating motorists’ rights of individual privacy and the guarantee against unreasonable seizures.[1]
*85 ¶18 Accordingly, I would hold that particularized suspicion for a traffic stop cannot be based solely on the fact that a vehicle’s rear license plate is obscured by the natural accumulation of the elements or driving conditions.
¶19 With that caveat, I concur.

 Mont. Const, art. II, §§ 10,11.